| | |
|---|---|
| Roland Tellis (SBN 186269)<br>rtellis@baronbudd.com<br>Mark Pifko (SBN 228412)<br>mpifko@baronbudd.com<br>Natasha Mehta (SBN 272241)<br>nmehta@baronbudd.com<br>BARON & BUDD, P.C.<br>15910 Ventura Blvd., Suite 1600<br>Encino, California 91436<br>Telephone:  (818) 839-2333<br>Facsimile:    (818) 986-9698<br><br>Attorneys for Plaintiff<br>MICHAEL J. OTTO, individually, and<br>on behalf of other members of the public<br>similarly situated | |
| Mark C. Holscher (SBN 139582)<br>mark.holscher@kirkland.com<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, CA 90071<br>Telephone:   (213) 680-8190<br>Facsimile:    (213) 680-8500 | Gregg F. LoCascio, P.C. (*pro hac vice*)<br>gregg.locascio@kirkland.com<br>Jonathan D. Brightbill (*pro hac vice*)<br>jonathan.brightbill@kirkland.com<br>KIRKLAND & ELLIS LLP<br>655 Fifteenth Street, N.W.<br>Washington, D.C. 20005<br>Telephone:   (202) 879-5000<br>Facsimile:    (202) 879-5200 |
| Attorneys for Defendant<br>ABBOTT LABORATORIES, INC.,<br>d/b/a Abbott Nutrition | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DISTRICT

| | |
|---|---|
| MICHAEL J. OTTO, individually, and on behalf of other members of the general public similarly situated,<br><br>             Plaintiff,<br><br>    vs.<br><br>ABBOTT LABORATORIES, INC., a Delaware Corporation, d/b/a Abbott Nutrition,<br><br>             Defendant. | Case No.:  5:12-cv-01411-SVW (DTBx)<br><br>**CLASS ACTION**<br><br>**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER**<br><br>District Judge:   Hon. Stephen V. Wilson<br>Magistrate Judge: Hon. David T. Bristow<br><br>Action Filed:  August 22, 2012<br>Trial Date:     None Set |

Case No. 5:12-cv-01411-SVW (DTBx)

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

# STIPULATED PROTECTIVE ORDER

WHEREAS it is anticipated that among the documents which may be produced in connection with the potential litigation of this matter will be information that is protected from disclosure by the privacy rights that attach to trade secrets, and/or information otherwise properly regarded by one or more of the parties as private, sensitive, proprietary, financial, and/or confidential;

IT IS THEREFORE STIPULATED, AGREED, AND JOINTLY REQUESTED by Plaintiff Michael J. Otto ("Plaintiff") and Defendant Abbott Laboratories, Inc. d/b/a Abbott Nutrition ("Defendant") (collectively, the "Parties"), by and through their respective counsel, that a protective order should be entered according to the following terms and provisions:

## DEFINITIONS

1. "Matter" means *Michael J. Otto v. Abbott Laboratories, Inc. d/b/a Abbott Nutrition*, currently pending in the Central District of California, Case No. 5:12-cv-01411-SVW (DTBx).

2. "Confidential Information" means information (i) which is produced to a party to the Matter pursuant to any discovery method allowed under statute, rule, or case law; and (ii) which is designated as Confidential pursuant to Paragraph 6 below. Confidential Information shall not include any information (i) which is in the possession of the Receiving Party (as defined below), provided that the source of the information was not bound by a contractual, legal or fiduciary obligation of confidentiality, or which is publicly known or available prior to its production through discovery in the Matter; or (ii) which the Receiving Party obtains from a source other than the Producing Party (as defined below), provided that the source of the information was not bound by a contractual, legal or fiduciary obligation of confidentiality, or otherwise becomes publicly available, without any violation of this Protective Order by the Receiving Party.

3.      "Qualified Person" means any individual who falls into one of the following categories:

(a)    Attorney of record for a party in the Matter or member, associate, paralegal or employee of the firm where such attorney practices, or an employee of an independent photocopying or microfilming service utilized by such attorney in the Matter;

(b)    In-house counsel or designated legal personnel for all parties;

(c)    Any other personnel working in the employment of the Parties or their attorneys of record in the Matter, to the extent disclosure is reasonably necessary in connection with the litigation or settlement of this Matter;

(d)    Up to three (3) designees from any non-party, including insurers, that may have defense and/or indemnity obligations for claims against the Parties, who shall have signed an undertaking in the form attached as Exhibit 1 before reviewing any documents pursuant to this order;

(e)    Vendors to whom it is necessary to disclose Protected Material for the purpose of assisting Outside Counsel of record in this action;

(f)    Any person indicated on the face of the material as having written or received such material during the course of his or her employment or consultancy;

(g)    Independent testifying or non-testifying experts or trial consultants (*i.e.*, persons with expertise who are not currently employed or performing non-litigation consulting with any competitors of the Parties, and who have no intention or expectation of being employed or performing non-litigation consulting with any competitors of the Parties) retained by such counsel or by the Parties solely as a an independent expert in connection with this proceeding, provided, however, that no information, documents, or things designated as Confidential shall be disclosed to any testifying or non-testifying experts unless and until such persons have first

been supplied with and have read a copy of this Order and have executed an Undertaking in the form annexed hereto;

(h)   Stenograph reporter involved in any deposition, hearing, trial or other proceeding in this Matter;

(i)   Officers of this Court and their supporting personnel or officers of any appellate court to which any appeal may be taken or in which review is sought, pursuant to Paragraph 14 below; or

(j)   Any mediator or settlement officer agreed upon by the Parties.

## SCOPE

4.   The protections conferred by this Order cover not only discovery materials that are designated as "Confidential," but also any information copied or extracted from materials designated as "Confidential," as well as all copies, excerpts, summaries, or compilations thereof, including without limitation testimony, conversations, or presentations and submissions by parties or Counsel to the Court, as well as other settings that contain or could reveal Protected Material.

## DURATION

5.   All obligations and duties arising under this Protective Order shall survive the termination of this action unless the party designating the material as "Confidential" (the "Designating Party") agrees otherwise in writing or the Court otherwise orders.

## AGREEMENT

6.   A party (the "Designating Party") may designate as "Confidential" those materials, whether in written, oral, electronic, graphic, audiovisual or any other form, which that party in good faith believes contain confidential information that is used by it in, or pertaining to, its business, which information is not generally known and which that party would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence.

7. Any party who produces Confidential Information (the "Producing Party") may designate materials produced or exchanged during discovery as "Confidential" by legibly marking the legend "Confidential" on each page of such materials. Any Producing Party or any other party may so designate any materials in the reasonable exercise of such party's discretion; provided, however, by agreeing to this Protective Order, no party waives the right to challenge any other party's designation of any document as "Confidential."

8. A party who contests any other party's designation of any document as "Confidential" (the "Challenging Party") shall attempt to resolve the dispute with the party making the designation, and if an agreement cannot be reached, may challenge the designation with the Judge presiding over this Matter as provided herein.

9. Confidential Information shall be used by a Party who receives the information (the "Receiving Party") solely for the purposes of discovery, pleadings, motions, briefs, potential settlement, and preparation for the trial or hearing in this Matter and on appeal, if any, and for no other purpose.

10. A Receiving Party may disclose Confidential Information only to a Qualified Person, or to a qualified witness at a deposition, unless otherwise agreed to in writing between the party or non-party that produced the Confidential Information and the party wishing to disclose the Confidential Information. If any Party intends to disclose any Confidential Information to a witness at a deposition, and such witness would not otherwise be entitled to access to such Confidential Information under the terms of this Order, counsel for the Disclosing Party shall provide written notice to the Producing Party and/or the Designating Party of the intention to so disclose the source of or the specific document containing the Confidential Information at least two business days prior to such intended disclosure.

11. No Receiving Party shall provide or disclose Confidential Information to any person, including a Qualified Person, at any time or in any form or manner unless, in

the good faith judgment of the disclosing person, that person has a present need to hear, know, or review such information in conjunction with the proceedings in this Matter or for the purpose of assisting any attorney of record in the Matter.

12. No Receiving Party shall disclose Confidential Information to a person other than a Qualified Person except upon the prior express written consent of the party who has designated the item as Confidential Information.

13. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this action any Confidential Information. All transcripts, depositions, exhibits, and other documents and things filed or received with the Court containing Confidential Information, or any pleading purporting to reproduce or paraphrase such information, shall be filed in compliance with Civil Local Rule 79-5.1, in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of the Matter, a description of the contents of such sealed envelope or container, and the legend "Confidential." Any party submitting any Confidential Information to the Court shall request that the Court maintain such Confidential Information under seal; provided, however, that the Designating Party shall bear the burden of defending such designation if challenged.

14. Any person making, or causing to be made, copies of any Confidential Information shall make certain that each copy bears the legend "Confidential" on each page. This provision is not intended to modify the manner by with the Court, its officers, and personnel manage records relating to this proceeding.

15. Each party shall, at the election of the Receiving Party, either destroy or return all Confidential Information, including any copies thereof, to the Producing Party, and shall confirm in writing that all the Confidential Information, including copies thereof in the Receiving Party's possession, custody or control, has been returned or destroyed within thirty (30) days after the first of any of the following: the case being

resolved by final judgment, appeal, settlement, or some combination thereof, or otherwise.

16.   Neither of the Parties, no Qualified Person, nor any other entity, other than the Designating Party, shall retain copies of the Confidential Information, including any copies thereof, or referenced thereto, after the time specified in Paragraph 15 herein. Any exceptions to this Paragraph shall be in writing by a duly authorized representative of the Designating Party. Notwithstanding the terms of Paragraphs 12 and 13 hereof, the Parties to this Matter may retain, and not return, one complete copy of the pleadings as actually filed with the Court. No provision in this Paragraph is intended to modify the manner by with the Court, its officers, and personnel manage records relating to this proceeding.

17.   The inadvertent or unintentional failure to designate any discovery material as "Confidential" pursuant to Paragraph 6 shall not be deemed a waiver in whole or in part of a Designating Party's claim of confidentiality. Any discovery material produced by a Party or non-party that should have been designated "Confidential" but is inadvertently produced without such designation may subsequently be designated as "Confidential." Any party that seeks to so designate discovery material already produced must, within thirty days after discovering the inadvertent production, provide, at its own expense, substitute discovery material bearing the "Confidential" designation. Upon receipt of the substituted discovery material, each Receiving Party must return or destroy all copies of the undesignated Discovery Material.

18.   The inadvertent or unintentional disclosure by the Producing Party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Designating Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. The Producing Party may recall any such inadvertently or unintentionally disclosed

Confidential Information by giving written notice to all parties, as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosures. Upon receipt of the notice that the Confidential Information was inadvertently disclosed and is being recalled by the Producing Party, the Receiving Party must return or destroy (at the Receiving party's election) all copies of the inadvertently disclosed material.

  19. The inadvertent or unintentional disclosure by the Producing Party of documents or information subject to the attorney-client privilege, work product immunity or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is Protected Information, privileged, or protected by the work product immunity or any other applicable privilege, provided that the Producing Party notifies the Receiving Party in writing within ten business days after discovery of such inadvertent production or disclosure. Such inadvertently produced or disclosed documents or information, including all copies thereof, shall be returned to the Producing Party or destroyed (at the Receiving Party's election) immediately upon request, and the Receiving Party shall immediately destroy any notes or other writing or recordings that summarize, reflect, or discuss the content of such privileged or Protected Information. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be provided to anyone who did not already have access to them prior to the request by the Producing Party that they be returned. In the case of an inadvertently produced or disclosed document, the Producing Party shall include the Discovery material in a privilege log identifying such inadvertently produced or disclosed document. The Receiving Party may move the Court for an Order compelling production of any inadvertently produced or disclosed document or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information

appearing on the above-referenced privilege log) in any way in connection with any such motion.

20. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. Additionally, the written notice shall request that the Parties confer in good faith to attempt to eliminate the need for motion practice, or at least, eliminate as many disputes as possible. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.

Consistent with Central District of California Local Rule, Civ. L.R. 37-1, the Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within ten days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer (as discussed in Civ. L.R. 37-2.4).

If the Parties cannot resolve a challenge without court intervention, consistent with Central District of California Local Rule, Civ. L.R. 37-2, the Parties shall formulate a written stipulation, which, in one document, signed by both counsel, identifies all disputes, and for each issue, sets forth the Parties' respective contentions and points and authorities in support thereof. The Challenging Party must personally deliver, email or fax to the Designating Party's counsel the Challenging Party's portion of the stipulation, together with all declarations and exhibits within twenty-one days of the Parties agreeing that the meet and confer process will not resolve their dispute and in accordance with Civil Local Rules 7 and 79-5.1, if applicable. Within seven days of receiving the Challenging Party's portion of the stipulation, the Designating Party shall personally deliver, email, or fax to the Challenging Party's counsel the Designating Party's portion of the stipulation, together with all declarations and exhibits. Failure by the Challenging Party to personally deliver, email or fax to the Designating Party's counsel the Challenging Party's portion of the stipulation within twenty-one days shall automatically waive their challenge to the confidentiality designation. Consistent with Central District of California Local Rule, Civ. L.R. 37-2.3, the Parties may file a supplemental memorandum of law not later than fourteen days prior to the hearing date. For the avoidance of doubt, this Paragraph is intended to implement, and not substantively modify L.R. 37-1 and L.R. 37-2 (including the Joint Stipulation requirement).

Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

21. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

9   Case No. 5:12-cv-01411-SVW (DTBx)
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Information may be affected.

(b) If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

22. The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "Confidential." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.  In the event that a party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the Producing Party shall:

(a) Promptly notify in writing the Requesting Party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

  (b) Promptly provide the non-party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

  (c) Make the information requested available for inspection by the non-party. If the non-party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Producing Party may produce the non-party's confidential information responsive to the discovery request. If the non-party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the court.[1]  Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this court of its Confidential Information.

  23. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the attached Exhibit 1.

  24. The parties agree that they shall be bound by this Stipulation upon signing by counsel and shall protect any and all Confidential Information as provided herein even if this Stipulation is not approved by the Court.  In the event that the Court denies approval of this Stipulation as submitted, any party receiving Confidential Information shall within thirty  days, at the election of the Receiving Party, either destroy or return all

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

Confidential Information to the Producing Party as provided in Paragraph 16 herein and shall confirm in writing that the materials that have been returned or destroyed constitute all the Confidential Information, including copies thereof, in that party's possession, custody or control.

25. Any Party named, served and appearing in this action after the date this Order is entered shall be bound by its terms, effective once the Order has been served upon such Party, unless the Court orders otherwise on good cause shown. Any Party who causes another Party to be added to this action after the entry of this Order shall serve that new Party with a copy of this Order and any subsequent amendments to it at the time it serves its pleading and summons.

IT IS SO STIPULATED.

Dated: September 6, 2013　　　　　　　BARON & BUDD, P.C.

By: /s/ Mark Pifko
Mark Pifko

Roland Tellis (SBN 186269)
Mark Pifko (SBN 228412)
Natasha Mehta (SBN 272241)
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698

Attorneys for Plaintiff
MICHAEL J. OTTO, individually, and on behalf of other members of the public similarly situated

Dated: September 6, 2013                KIRKLAND & ELLIS LLP

By: /s/ Jonathan D. Brightbill
Jonathan D. Brightbill

Gregg F. LoCascio, P.C. (admitted *pro hac vice*)
gregg.locascio@kirkland.com
Jonathan D. Brightbill (admitted *pro hac vice*)
jonathan.brightbill@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Mark C. Holscher (SBN 139582)
mark.holscher@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8190
Facsimile: (213) 680-8500

Attorneys for Defendant
ABBOTT LABORATORIES, INC., a Delaware Corporation, d/b/a Abbott Nutrition

Local Rule 5-4.3.4 Attestation

I attest that Defendant's counsel Jonathan D. Brightbill concurs in this filing's content and has authorized the filing.

DATED: September 6, 2013                BARON & BUDD, P.C.

By: /s/ Mark Pifko
Mark Pifko

## ORDER

The parties having stipulated to the foregoing and good cause appearing, IT IS SO ORDERED.

Dated: September 9, 2013

Honorable David T. Bristow
United States Magistrate Judge

# EXHIBIT 1

*Michael J. Otto v. Abbott Laboratories, Inc.*

**Central District of California**

**Case No. 5:12-cv-01411-SVW-DTB**
**UNDERTAKING TO ABIDE BY PROTECTIVE ORDER**

I, _____declare that my address is _____. My current employer is _____ and my occupation is _____.

1.  I have received a copy of the Stipulated Protective Order in the above-captioned action. I have carefully read and understand the provisions of the Stipulated Protective Order.

2.  I will comply with all of the provisions of the Stipulated Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action any CONFIDENTIAL INFORMATION that is disclosed to me.

3.  Promptly upon termination of this action, I will return any CONFIDENTIAL materials that may come into my possession to the outside attorneys representing my employer or the attorneys who furnished those documents to me.

4.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____    Signature:_____

                              Print Name: _____