UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:12-CV-01411-SVW-DTB | Date | January 28, 2015 |
|---|---|---|---|
| Title | Michael J. Otto v. Abbott Laboratories, Inc. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION [190]

## I.     Introduction

This is a misleading labeling case in which Plaintiff, Michael Otto, seeks to represent a class of consumers who purchased certain nutrition drinks developed and manufactured by Defendant, Abbott Laboratories.  Defendant moved to deny class certification under Federal Rule of Civil Procedure 23. For the reasons stated below, the motion is GRANTED.

## II.    Background

Abbott Laboratories develops and manufactures a nutrition shake called Ensure Muscle Health. This shake contains a blend of protein, vitamins, and Revigor.  Revigor is an amino acid metabolite, and the Muscle Health shake label suggests that Revigor helps consumers rebuild strength naturally lost over time.

According to the complaint, Otto purchased Ensure Muscle Health shakes multiple times starting in June 2011.  There is no evidence that his vitamin-D levels actually fell below 30 ng/mL — the level at which a person becomes vitamin-D deficient — while he purchased and consumed the shakes. Instead, Otto presents evidence of a history of low vitamin-D levels around the time he purchased Ensure Muscle Health shakes.  Otto also avers that he would not have purchased the shakes had he known that Revigor does not rebuild strength in people with low vitamin-D levels.

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:12-CV-01411-SVW-DTB | Date | January 28, 2015 |
|---|---|---|---|
| Title | Michael J. Otto v. Abbott Laboratories, Inc. | | |

The operative complaint set forth two theories of liability: first, the Muscle Health shake's label was materially misleading because Revigor did not rebuild strength (a literal falsity theory), and second, Revigor's effectiveness hinged on consumers' vitamin-D levels (a material omission theory). The Court dismissed the claims premised on literal falsity. But the material omission theory survived.

Abbott Laboratories moved to deny class certification. In his complaint, Otto outlined two classes he seeks to represent:
1. All residents of the United States who purchased Ensure Muscle Health during the period of August 14, 2008 continuing through the date of final disposition of this action (the "Nationwide Subclass")
2. All residents of California who purchased Ensure Muscle Health during the period of August 14, 2008 and continuing through the date of final disposition of this action (the "California Statutory Subclass")

Otto brought UCL, FAL, and CLRA claims on behalf of the statewide class.[1] He pursued his negligent misrepresentation claim on behalf of the nationwide class.

### III. Legal Standard

Federal Rule of Civil Procedure 23 governs class certification. To obtain certification, a proposed class must meet all of Rule 23(a)'s requirements as well as one of Rule 23(b)'s. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979-80 (9th Cir. 2011).

The four requirements of Rule 23(a) are numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23(a); *Ellis*, 657 F.3d at 980. These requirements are subject to "a rigorous analysis." *Wal-Mart Stores v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

Likewise, Rule 23(b) has four requirements; unlike Rule 23(a), however, only one must be satisfied before a class can be certified. Rule 23(b)(1)(A) permits classes where the prosecution of separate actions would risk inconsistent and varying adjudications that establish incompatible standards of conduct for the party opposing the class. Rule 23(b)(1)(B) permits classes where the prosecution of

---

[1] UCL refers to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; CLRA refers to California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*; FLA refers to California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:12-CV-01411-SVW-DTB | Date | January 28, 2015 |
|---|---|---|---|
| Title | Michael J. Otto v. Abbott Laboratories, Inc. | | |

separate actions would result in adjudications for individuals that, as a practical matter, would be dispositve to the interests of other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.  Rule 23(b)(2) permits classes where the party opposing the class has acted or refused to act on grounds that apply generally to the class, making injunctive and declaratory relief appropriate.  And Rule 23(b)(3) permits classes where questions of law or fact predominate over individual questions, and the class format is superior to alternative methods of adjudication.

Although courts typically address class certification upon a plaintiff's motion, defendants may seek resolution of the question through a motion to deny certification.  *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939-40 (9th Cir. 2009).  The burden varies based on the motion's timing.  *See* Newberg, *Newberg on Class Actions* § 7:22 (5th ed. 2013).  When a motion to deny class certification is brought early in a case — before discovery is substantially complete — a Rule 12(b)(6)-type standard is employed, so the defendant must demonstrate that it would be impossible for the plaintiff to certify a class based on the allegations set forth in the complaint.  *See Bryant v. Food Lion, Inc.*, 774 F. Supp. 1484 (D.S.C. 1991); *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 655 (D. Nev. 2009).  In contrast, motions to deny class certification filed after the substantial completion of discovery are assessed "using a straightforward Rule 23 analysis."  *Newberg* § 7:22; *accord Vinole*, 571 F.3d at 640.  In this case, the latter standard applies.  Otto filed this case on August 22, 2012, and the parties have taken substantial discovery since then.  Otto claims that a stay interrupted discovery, and he still lacks many discoverable facts.  But Otto does not identify, even generally, what he expects discovery to reveal and how such information would impact the instant motion.  As a result — in light of the age of this case as well as the discovery already conducted — the Court concludes that Otto must carry the burden of demonstrating that his class is certifiable under Rule 23.

**IV.    Discussion**

First, the proposed statewide class is overbroad.  Second, predominance and superiority do not exist amongst the nationwide class because the laws of disparate jurisdictions likely will apply.  And third, Otto failed to carry his evidentiary burden of establishing any of Rule 23(a) or 23(b)'s requirements.

**A.    Statewide Class & Overbreadth**

Courts cannot certify overbroad classes.  *E.g.*, *Warnick v. Dish Network LLC*, 301 F.R.D. 551, 557 (D. Colo. 2014).  Overbreadth is a flexile problem.  Sometimes it undermines ascertainability.

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer |  | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:12-CV-01411-SVW-DTB | Date | January 28, 2015 |
|---|---|---|---|
| Title | Michael J. Otto v. Abbott Laboratories, Inc. | | |

*Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 824-25 (7th Cir. 2012). Sometimes courts analyze it under a typicality lens. *Williams v. Ford Motor Co.*, 192 F.R.D. 580, 586 (N.D. Ill. 2000). In other instances, it is best addressed as a commonality or predominance issue. *Rodman v. Safeway, Inc.*, No. 11-cv-03003-JST, 2014 WL 988992, at *16 (N.D. Cal. Mar. 10, 2014). Regardless, courts agree that a proposed class that would "include a substantial number of people who have no claim under the theory advanced by the named plaintiff" is overbroad, and, therefore, should not be certified. *Vigus v. Southern Ill. Riverboat/Casino Cruises, Inc.*, 274 F.R.D. 229, 235 (S.D. Ill. 2011); *accord Thorpe v. District of Columbia*, — F.R.D. —, No. 10-2250 (ESH), 2014 WL 1273134, at *17 (D.D.C. Mar. 29, 2014); *Jamison v. First Credit Servs., Inc.*, 290 F.R.D. 92, 108 (N.D. Ill. 2013); *Diacakis v. Comcast Corp.*, No. C 11-3002 SBA, 2013 WL 1878921, at *4 (N.D. Cal. May 3, 2013); *see also Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 677-78 (7th Cir. 2009) ("[A] class should not be certified if it is apparent that it contains a great many persons who have suffered no injury at the hands of the defendant." (citing *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514-15 (7th Cir. 2006))).[2]

    1.    CLRA

Causation is an element of a CLRA claim. *E.g.*, *Hale v. Sharp Healthcare*, 183 Cal. App. 4th 1373, 1386 (citing Cal. Civ. Code § 1780(a)). Materiality and reliance are at the core of causation: "[a] misrepresentation is material for a plaintiff only if there is reliance — that is, without the misrepresentation, the plaintiff would not have acted as he did." *Id.* (quoting *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal. App. 4th 798, 810 (Cal. Ct. App. 2007)) (internal quotation marks omitted). Materiality is not a question of fact if it "is so obviously unimportant that the jury could not reasonably find that a reasonable man would have been influenced by it." *Engalla v. Permanente Medical Group, Inc.*, 15 Cal. 4th 951, 977 (Cal. 1997); *see also In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 129 (Cal. Ct. App. 2009) ("[I]f the issue of materiality or reliance is a matter that would vary from consumer to consumer, the issue is not subject to common proof, and the action is properly not certified as a class action.").

In this case, the omission was "obviously unimportant" for swaths of the proposed class. Otto's theory of liability focuses on Abbott Laboratories' failure to disclose that Revigor does not work for people with less than 30 ng/mL of vitamin-D. This omission could mislead those with deficient

---

[2]    As a preliminary matter, Otto suggests that this Court held in a prior order that purchasers of Ensure Muscle Health suffer injury without regard to their vitamin-D status. (Doc. 206, Pl.'s Opp., 6:7-8). The Court did not reach such a holding in any of its prior orders.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:12-CV-01411-SVW-DTB | Date | January 28, 2015 |
|---|---|---|---|
| Title | Michael J. Otto v. Abbott Laboratories, Inc. | | |

vitamin-D levels, those with a history of low vitamin-D levels, or those who did not know their vitamin-D levels but harbored concern about their vitamin-D sufficiency. Otto, however, seeks to certify classes of all purchasers of Ensure Muscle Health. There is no evidence that all purchasers fall into the aforementioned categories. Indeed, the evidence suggests that sixty percent of elderly adults are vitamin-D deficient. (Brightbill Decl., Ex. 13, at 155). It is implausible that *all* purchasers of Ensure Muscle Health were elderly adults. And, even if they were, forty percent of the class would not be vitamin-D deficient. It also is implausible to assume that a significant share of this forty percent — who are not vitamin-D deficient — had a history of vitamin-D deficiency or entertained significant concern about their vitamin-D levels. Therefore, the omission of Revigor's inefficacy among vitamin-D deficient consumers would be immaterial for a significant portion of the proposed class. And because the proposed class includes a substantial number of people who have no claim under the theory advanced by the named plaintiff, it is overbroad.

    2.    <u>UCL</u> & <u>FAL</u>

The UCL claim falls prey to the same defect.[3] Reliance is also an element of UCL claims. *In re iPhone Application Litig.*, 6 F. Supp. 3d 1004, 1013 (N.D. Cal. 2013). To establish statutory standing, individualized proof of reliance or causation is not required because "a presumption, or at least an inference, of reliance arises wherever there is a showing that the misrepresentation was material." *In re Tobacco II Cases*, 46 Cal. 4th 298, 326-7 (Cal. 2009). This presumption does not mend evident disparities among class members' reliance though: a putative class lacks cohesion if its UCL claims "would involve factual questions associated with [class members'] reliance on [defendant's] alleged false representations." *Cohen v. DIRECTV, Inc.*, 178 Cal. App. 4th 966, 981 (Cal. Ct. App. 2009). In this case, overbreadth causes such a disparity, preventing certification.

The Court already described the divergence in reliance among Otto's proposed class. In brief, Otto's allegations suggest that the omission would deceive a consumer with vitamin-D levels less than 30 ng/mL or who was concerned that his or her vitamin-D levels might be less than 30 ng/mL. In all likelihood, a substantial number of consumers are not vitamin-D deficient. And an omission about Revigor's inefficacy among vitamin-D deficient consumers would be inconsequential to a vitamin-D

---

[3]     The analysis regarding Otto's UCL claim applies with equal force to his FAL claim because the California Supreme Court held that the causation and reliance analysis is identical under those two statutes. *Kwickset Corp. v. Superior Court*, 51 Cal. 4th 310, 326-27 (Cal. 2011).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:12-CV-01411-SVW-DTB | Date | January 28, 2015 |
|---|---|---|---|
| Title | Michael J. Otto v. Abbott Laboratories, Inc. | | |

sufficient consumer. As currently defined, the class encompasses a group of consumers who might rely on the omission and another group who would not rely on it. Inclusion of consumers who would not rely on the omission ensures that the putative class is overbroad — it simply contains too many plaintiffs without a claim under the theory of liability.

Two California Court of Appeals decisions are instructive. In *Tucker v. Pacific Bell Mobile Services*, many putative class members were not aware of the alleged misrepresentation. 208 Cal. App. 4th 201, 228 (Cal. Ct. App. 2012). Consequently, the court could not presume common reliance as it often would in UCL cases — the lack of consistent awareness among the class would cause the reliance inquiry to "vary from consumer to consumer," defeating commonality. *Id.* at 227-28. Likewise, in *Caro v. Procter & Gamble Co.*, the named plaintiff did not believe the misrepresentation; therefore, whether class members relied on the misrepresentation "would be a matter of individual proof." 18 Cal. App. 4th 644, 668 (Cal. Ct. App. 1993). Under a predominance lens, the California Court of Appeals concluded "whether any asserted misrepresentation induced the purchase of [the product] would vary from consumer to consumer," and, therefore, class treatment was improper. *Id.* at 668-69.

In *Tucker*, the misrepresentations were not communicated to all class members. In *Caro*, the class members differed as to whether they believed the misrepresentations. And in this case, the relevant omission was impertinent to many putative class members. The result in all these cases, however, is the same: the reliance inquiry would vary from consumer to consumer. In other words, Abbott Laboratories did not "engage[] in uniform conduct 'likely to mislead the entire class.'" *Tucker v. Pacific Bell*, 208 Cal. App. 4th at 227 (quoting *Fairbanks v. Farmers New World Life Ins. Co.*, 197 Cal. App. 4th 544, 562 (Cal. Ct. App. 2011)). Consequently, a significant number of putative class members have no claim under the asserted theory of liability, and the proposed class is overbroad.

  **B.**  **Nationwide Class & Choice of Law**

The proposed nationwide class has one remaining claim: common law negligent misrepresentation. Abbott Laboratories argues that application of California law would violate constitutional due process because the nationwide class consists of "out-of-state consumers, buying [Ensure Muscle Health] out-of-state, from an out-of-state defendant, allegedly injured based on out-of-state conduct." (Dkt. 197, Def.'s Mot., 22:17-20); *see also Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 589-90 (9th Cir. 2012) (noting that a federal court sitting in diversity applies the forum state's choice-of-law rules, and stating that under California's choice-of-law rules, "the class action proponent bears the initial burden to show that California has significant contact or significant aggregation of contacts to the claims of each class member" in order to "ensure that the application of California law is

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:12-CV-01411-SVW-DTB | Date | January 28, 2015 |
|---|---|---|---|
| Title | Michael J. Otto v. Abbott Laboratories, Inc. | | |

constitutional"). Otto does not dispute that California lacks significant contacts to the nationwide subclass's claims.[4] Rather, he submits that Illinois law should govern all the claims. But Otto failed to carry his burden of showing that Illinois law could and should apply.

Because of the procedural complexity of trying a class action under the often-conflicting laws of multiple jurisdictions, courts have regularly denied certification of such classes under Rule 23(b)(3)'s predominance and superiority requirements. *See Mazza*, 666 F.3d at 589-94 (vacating the district court's class certification order after holding that each class member's claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place); *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001) (affirming the district court's denial of class certification because of the procedural complexity of trying a class action under the laws of multiple jurisdictions); *Gianino v. Alacer Corp.*, 846 F. Supp. 2d 1096, 1099-04 (C.D. Cal. 2012) (denying class certification because the application of the consumer protection laws of all 50 states prevented the lawsuit from meeting both the predominance and superiority requirements); 7A Charles Alan Wright et al., *Federal Practice & Procedure* § 1780.1 (3d ed. 2005) ("As a matter of general principle, the predominance requirement of Rule 23(b)(3) will not be satisfied if . . . class claims must be decided on the basis of the laws of multiple states.").

Otto asserts that Illinois law should be applied to the negligent misrepresentation claims. He contends that since Abbott Laboratories' headquarters is in Illinois, the state shares sufficient contacts with the nationwide subclass's claims. Although this may be true, *see, e.g.*, *Forcellati v. Hyland's, Inc.*, No. CV 12-1983-GHK (MRWx), 2014 U.S. Dist. Lexis 50600, at *4 (C.D. Cal. Apr. 9, 2014), it is only half the puzzle.

The Ninth Circuit explained the other half of the puzzle in *Zinser*, which involved

---

[4] California lacks significant contact to the claims of the nationwide subclass members because Abbott Laboratories is incorporated in Illinois; its nutrition division (which sells and markets Ensure) is in Columbus, Ohio; the marketing, labeling, pricing, and research and development decisions are not conducted in California; and Ensure Muscle Health is not manufactured in California. *See Norwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214, 227 (1999) (applying California law would violate due process given that the defendant's "headquarters and principal place of business, the place [non-resident class members] were injured, and the place the injury-producing conduct occurred are outside California").

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:12-CV-01411-SVW-DTB | Date | January 28, 2015 |
|---|---|---|---|
| Title | Michael J. Otto v. Abbott Laboratories, Inc. | | |

indistinguishable circumstances. There, the plaintiff's originally chosen law — California's — did not satisfy constitutional due process. 253 F.3d at 1187. Consequently, she argued on appeal that the law of defendant's home state — Colorado — law should apply. *Id.* The Ninth Circuit placed the burden on the plaintiff: she had to prove that Colorado law should apply to the nationwide class's claims under California's choice-of-law rules. *Id.* (citing *Wash. Mut. Bank v. Superior Court*, 24 Cal. 4th 906 (Cal. 2001)). California's choice-of-law rules require the advocate of foreign law to compare *each* non-forum state's law and interest with California's law and interest; therefore, the Ninth Circuit said, "Colorado law could be applied to a nationwide class under California choice of law rules only if Colorado law were the *sole* non-forum law to conflict with California law and if Colorado were the *sole* state with an interest that outweighed California's interest." *Id.* at 1188 (emphasis added). The plaintiff failed to carry her burden: the relevant laws differed from state to state, there was no proof that Colorado was the only state whose law conflicted with California's, and there was insufficient evidence that Colorado law could apply to the each putative class member's claims. *Id.*

Here, as in *Zinser*, the plaintiff seeks to apply foreign law. Thus, Otto must demonstrate that Illinois' law is the sole non-forum law to conflict with California law and that Illinois is the sole state with an interest in the litigation that outweighs California's interest. Otto has not carried this burden.

Otto instead argues that Abbott Laboratories bears the burden of showing that Illinois' law should yield in favor of another state's. (Pl.'s Opp. at 21-23). *Zinser* rejected this argument. Further, the cases Otto relies upon are distinguishable — those cases involved *defendants* attempting to apply foreign law even though California had sufficient interests in the claims. *See Bruno v. Quten Research Inst., LLC*, 280 F.R.D. 524, 538 (C.D. Cal. 2011); *In re Pom Wonderful, LLC Marketing and Sales Practices Litig.*, 2012 U.S. Dist. Lexis 141150, at *8-9 (C.D. Cal. Sept. 28, 2012), *later decertified on other grounds in* 2014 U.S. Dist. Lexis 40415. In this case, however, the *plaintiff* seeks to apply foreign law — Illinois' law — and thus it is the plaintiff who must demonstrate that the application of foreign law complies with California's choice-of-law rules. Because Otto failed to do so, the Court cannot determine that Illinois law should be applied instead of the laws of the other 48 states that may be represented in this nationwide class.

"Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). When there are variations in applicable state law, and "the applicable law derives from the law of the 50 states, as opposed to a unitary federal cause of action, differences in state law will compound the disparities among class members from the different states." *Zinser*, 253 F.3d at 1189 (alterations and internal quotation marks omitted). As the court noted in *Zinser*, because the plaintiff

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:12-CV-01411-SVW-DTB | Date | January 28, 2015 |
|---|---|---|---|
| Title | Michael J. Otto v. Abbott Laboratories, Inc. | | |

seeks certification of a nationwide class for which the law of many states potentially applies, he "bears the burden of demonstrating a suitable and realistic plan for trial of the class claims." *Id.* Here, Otto did not demonstrate that this nationwide class can be further divided into manageable subclasses accounting for conflicts in state laws, that a representative plaintiff could be obtained for each of these classes, or that each subclass meets the Rule 23 requirements. *See id.* at 1190.

### C.     Otto Failed to Carry His Burden under Rule 23

In the alternative, the Court also grants Abbott Laboratories motion on the ground that Otto failed to carry his burden on all of Rule 23's requirements. As the Court determined above, Otto bore the burden of establishing numerosity, typicality, commonality, and adequacy as well as one of Rule 23(b)'s requirements. Otto, however, presented no evidence suggesting that the proposed classes are sufficiently numerous, that common questions exist, that his claims are typical, or that he is an adequate representative. Instead, he merely relied on allegations in his complaint. Thus, he failed to demonstrate certifiability under Rule 23. *Comcast Crop. v. Behrend*, 133 S. Ct. 1426, 1432 (2013); *see also Wal-Mart*, 131 S. Ct. at 2551 ("Rule 23 does not set forth a mere pleading standard.").

### V.     Conclusion

For the aforementioned reasons, the Court GRANTS Defendant's motion to deny class certification. The Court, however, will permit Plaintiff to make a renewed motion for class certification of his statewide claims based on additional evidence and a narrowed class definitions. *See, e.g.*, *Nat'l Fed. of the Blind v. Target Corp.*, No. C 06-01802 MHP, 2007 WL 1223755, at *3-4 (N.D. Cal. Apr. 25, 2007) (permitting courts to deny or narrow class certification where the proposed definition is overbroad). Plaintiff shall file his motion no later than March 30, 2015.

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |